UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REALTY EXECUTIVES INTERNATIONAL, INC.,

       Plaintiff,

v.

                                          Case No. 10-12392

SAMUEL J. BELFIORI, JR.,               Honorable Julian Abele Cook, Jr.

       Defendant.

## ORDER

This case pertains to claims by the Plaintiff, Realty Executives International, Inc. ("REI"), that the Defendant, Samuel J. Belfiori, Jr., a former franchisee, has and continues to infringe upon its federally registered trademarks by using its marks – without REI's authorization – in his operation of a real estate office in Sterling Heights, Michigan.

On June 17, 2010, REI filed a motion for a temporary restraining order and preliminary injunction against Belfiori, in which it contends that without this relief (i.e., a directive immediately enjoining Belfiori from continuing to engage in the unauthorized use of its trademarks), it will suffer irreparable injury. As of this date, REI has not filed a certificate of service evidencing that it has served Belfiori with any of the pertinent pleadings; i.e., the summons, a copy of the complaint, and its motion for injunctive relief.

In 2006, the Sixth Circuit Court of Appeals reiterated the long-standing factors that courts must consider when determining whether to grant injunctive relief; namely, (1) the movant's

likelihood of success on the merits, (2) whether the movant will suffer irreparable harm without the issuance of the injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) the injunction's impact on the public interest. *Abney v. Amgen*, *Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) (citing *Deja Vu of Nashville, Inc. v. Metro Gov't of Nashville & Davidson Co.*, 274 F.3d 377, 400 (6th Cir. 2001)). Although these factors are not "prerequisities to be met, with the exception that the movant must show irreparable injury," they must nevertheless be balanced by the trial court when assessing the merit of a request for a restraining order. *United States v. Michigan*, 230 F.R.D. 492, 494 (E.D. Mich. 2005) (citations omitted).

In the case *sub judice*, REI argues that it has shown a strong likelihood of success on the merits because Belfiori, a former franchisee, has continued to use its marks despite the termination of the parties' franchise agreement. REI submits that Belfiori is unlawfully benefitting from the reputation that REI has built domestically and internationally as "one of the largest real estate franchise systems in the United States." Inasmuch as Belfiori continues to conduct its business by using REI's marks and targeting the same consumer base as REI (i.e., the residential real estate market), there is genuine concern that it will be irreparably harmed because even the most sophisticated consumer will not know that these parties are no longer affiliated with each other. Thus, REI asserts that in the absence of an order of restraint which would prevent Belfiori from using its registered trademarks, it will suffer immediate and irreparable injury.

The Court is well aware that when a movant in a trademark action has shown a likelihood of confusion or risk of damage to reputation, irreparable injury ordinarily flows. *See Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 382 (6th Cir. 2006). Nevertheless, where the movant has demonstrated a lack of diligence by waiting for an extended period of months

from the time of the alleged infringement before seeking injunctive relief, the delay "undermines [the movant's] allegation of irreparable harm." *Wells Fargo & Co. v. WhenU.com, Inc.*, 293 F. Supp. 2d 734, 771-72 (E.D. Mich. 2003) (citing *Citibank , N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay alone may justify denial of a preliminary injunction for trademark infringement."))

Here, REI alleges that following the termination of the parties' franchise agreement due to Belfiori's non-payment of fees, it sent several letters to Belfiori which informed him that he had to comply with all post-termination obligations in the franchise agreement – including the cessation of use of the challenged marks. According to REI, it transmitted a final cease and desist letter to Belfiori on September 24, 2009. However, REI complains that Belfiori ignored its cease and desist demand by continuing to infringe its marks. Significantly, REI did not file its request for a temporary restraining order until June 17, 2010 - nearly nine months later. Thus, even if this Court assumed that REI had shown a likelihood of success on the merits, its lengthy delay in seeking a judicial intervention militates against granting the request that is currently being sought (i.e., temporary restraining order). If REI is able to wait three quarters of a year to seek relief, it can surely afford to wait another week to allow Belfiori to respond to its allegations. Under these circumstances, and based upon its review of the pleadings which have been filed thus far in this action, the Court concludes that REI's motion for a temporary restraining order must be denied. However, the conclusions reached in this order will not necessarily be applicable when the Court reviews REI's motion for the entry of a preliminary injunction.

Accordingly, REI is directed to serve Belfiori with (1) the pleadings that have been filed in

this case and (2) a copy of this order no later than Monday, June 21, 2010 at 4 p.m. Belfiori shall have until Wednesday, June 23rd at 4 p.m. to submit a response to REI's motion. REI may file a reply on or before Thursday, June 24th at 9:00 a.m. The Court will convene a hearing for the parties to present oral arguments regarding REI's motion for preliminary injunction on Thursday, June 24th at 1:00 p.m.

IT IS SO ORDERED.

Dated:  June 18, 2010  
       Detroit, Michigan

s/Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 18, 2010.

s/ Kay Doaks  
Case Manager