IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REALTY EXECUTIVES INTERNATIONAL, INC., an Arizona corporation,<br><br>              *Plaintiff*,<br><br>*vs*.<br><br>SAMUEL J. BELFIORI, JR., an individual,<br><br>              *Defendant*. | Case No. 10-CV-12392<br>Honorable Julian Abele Cook, Jr.<br><br>**PERMANENT INJUNCTION, JUDGMENT AND FINAL ORDER** |

       The Court, having considered (1) Plaintiff Realty Executives International, Inc.'s ("REI") Motion for Temporary Restraining Order and Preliminary injunction, the associated Declaration of Glenn Melton, and the hearing before this Court on June 24, 2010; (2) REI's motion and supporting declarations for an order directing the Defendant to show cause why he should not be held in contempt and sanctioned for disobeying the Court's Order for a Preliminary injunction; and (3) the subsequent civil contempt hearing held on November 19, 2010 and the associated Declaration of Jeffrey H. Wolf in Support of Plaintiff's Attorneys' Fees and Costs, hereby finds and concludes as follows in accordance with Federal Rule of Civil Procedure 65(b) and Local Rule 58.1:

1.     REI is the owner of the trademarks "REALTY EXECUTIVES," "REALTY EXECUTIVES WITH STYLIZED X," and "REALTY EXECUTIVES IN SHIELD," ("Realty Executives Marks") which are federally registered and are valid and subsisting registrations on the Principal Registrar of the United State Patent and Trademark Office.

2.     As the owner of the Realty Executives Marks, REI has the exclusive right to use and to license the Realty Executives Marks and derivations thereof, as well as the distinctive Realty Executives franchise system, which provides real-estate services to the public under the REI name.

3.      REI has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and trademarks to cause consumers to recognize the Realty Executives Marks as distinctly designating real-estate services that originate with REI.

4.      The value of the goodwill developed in the Realty Executives Marks does not admit of precise monetary calculation, but because REI is a large international real-estate franchise system, and widely known as a provider of real-estate services, the value of its goodwill exceeds millions of dollars.

5.      REI markets, promotes, and provides services to its franchisees throughout the United States, and in various other countries throughout the world.  In order to identify the origin of their real-estate services, REI allows its franchisees to utilize the Realty Executive Marks under franchise agreements and sub-franchise agreements.

6.      On or about August 31, 2007, REI entered into Franchise Agreement No. 01733 and Amendment to Franchise Agreement No. 01733 with Defendant (the "Franchise Agreement") under which it granted Defendant the right to operate a Realty Executives office located at 13801 15 Mile Road Suite C, Sterling Heights, Michigan, 48312.

7.      By letters sent from REI to Defendant on or about July 29, 2009 and September 24, 2009, REI notified Defendant of the termination of the Franchise Agreement.

8.      Defendant was notified on or about August 27, 2009 and September 24, 2009, that he had to cease and desist his use of the Realty Executive Marks.

9.      Defendant has no rights to the continued use of the Realty Executive Marks.

10.     Following the notice to cease and desist his use of the Realty Executive Marks, Defendant continued to use the name "Realty Executives Bell, Inc." in connection with his real estate office, and continues to otherwise hold himself out to the public as being affiliated with REI.

11. Defendant's use of the Realty Executive Marks is ongoing and likely to confuse the public and cause consumers to use Defendant's services in the mistaken belief that his real estate office is a Realty Executives office.

12. Having considered REI's Motion for a Temporary Restraining Order and Preliminary Injunction, and good cause appearing, this Court granted a preliminary injunction on June 24, 2010 which directed the Defendant to (1) immediately cease his use of the subject trademarks and trade name and (2) file a written report under oath with this Court within a period of 10 days of that directive.

13. Defendant was personally served with the Court's June 24, 2010 Order on June 25, 2010.

14. On July 14, 2010, the Clerk of the Court registered Defendant's default, citing his failure to plead or otherwise defend himself within the time period designated by the Federal Rules of Civil Procedure.

15. Further, the Defendant failed, refused, and/or neglected to satisfy any portion of the Court's June 24, 2010 Order.

16. In response, REI filed a motion for the imposition of sanctions for noncompliance and an order for the payment of attorneys' fees and related costs.

17. In support of its motion, REI proffered the declarations of two investigators who examined the Defendant's business premises on July 7 and July 15, 2010 and photographic documentation which demonstrated that the Defendant had continued to use the trademarks and logo on his marquee sign, building, office doors, windows, and a vehicle used for company business.

18. On November 19, 2010, this Court considered Plaintiff's and Defendant's arguments on REI's motion for sanctions and fees and found no reason not to issue a permanent injunction and Order the payment of attorneys' fees and costs.

19. Defendant has continued his improper actions despite the fact that he has been ordered by this Court to cease and desist his unauthorized use of REI's trademarks and trade names, as a result REI has proven its Lanham Act claims for trademark infringement, 15 U.S.C. § 1114, and

false designation of origin and unfair competition, 15 U.S.C. § 1125. Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc., 670 F.2d 642, 648 (6th Cir. 1982), cert. denied, 459 U.S. 916 (1982).

20. Defendant's unauthorized use of the Realty Executive Marks is irreparably harming REI, its franchisees and the consuming public, by creating confusion as to the origin of services and causing harm to REI's goodwill, reputation, and business. Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc., 453 F.3d 377, 382 (6th Cir. 2006)

21. Defendant should be permanently enjoined from the unauthorized use of REI's federally-registered trademarks pursuant to Frisch's Rests., Inc., 670 F.2d 642, 648.

22. As previously ordered by this Court in its June 24, 2010 Order, and as a result of Defendant's failure to comply with that Order for the reasons set forth in Plaintiff's Motion for Show Cause Order, Defendant is ordered to pay Plaintiff's reasonable attorneys' fees and associated costs in the total amount of $33,220.64 as supported by the Declaration of Jeffrey H. Wolf and the associated Exhibits attached thereto.

Based on these findings and for good cause shown,

IT IS HEREBY ORDERED on this 3RD day of January, 2011:

    A. Defendant, Samuel J. Belfiori, Jr. ("Defendant"), and his officers, members, agents, and employees, and any other persons or entities in active concert or participation with Defendant, who receive actual notice by personal service or otherwise, are permanently enjoined from:

        (i) Making any use of the Realty Executives Marks, any colorable imitation thereof, or any other confusingly similar marks;

        (ii) Displaying, authorizing, licensing or assisting or facilitating any other person's or entity's use or display of the Realty Executives Marks or any colorable imitation thereof; and

    (iii) Using anything consisting of or incorporating any one or more words, letters, designs, or devices that contain any component of the Realty Executives Marks, or which singularly or together are similar in spelling, sound, appearance, or in any other manner to the Realty Executives Marks;

 B. Defendant and his officers, members, agents, and employees, and any other persons and entities in active concert or participation with him, are to immediately remove all Realty Executives Marks as used on the premises of or in reference to Defendant's business premises, including (without limitation) any door signs, road signs, wall signs, or any other display or item bearing any of the Realty Executives Marks;

 C. Defendant and his officers, members, agents, and employees, and any other persons and entities in active concert or participation with Defendant, permanently enjoined from applying for, pursuing, or owning any applications or registrations, including without limitation any domain names, business names, corporate names, trade names, trademarks or service marks that contain any component of the Realty Executives Marks, any colorable imitation thereof, or any confusingly similar marks;

 D. Defendant and his officers, members, agents, and employees, and any other persons and entities in active concert or participation with Defendant, are to immediately notify all advertisers, search engines, and providers of related services of Defendant's cessation of all advertising and distribution of promotional material containing any of the Realty Executives Marks, any colorable imitation thereof, or any other confusingly similar marks, and Defendant is prohibited from using any such marks (or any imitations or marks confusingly similar thereto) anywhere on the internet or elsewhere, including without limitation, any use on or with any websites, domain names, metatags, key words, banner ads, or search engines;

 E. Judgment is hereby entered in favor of Plaintiff and against Defendant for the amount of $33,220.64.

This is a final order and closes this case.

Dated:  January 3, 2011

                                              s/Julian Abele Cook, Jr.
                                              JULIAN ABELE COOK, JR.
                                              U.S. DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participant  Samuel Belfiori, 13801 15 Mile Road, Ste. A, Sterling Heights, MI 48312 on January 3, 2011.

                                              s/ Kay Doaks
                                              Case Manager

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REALTY EXECUTIVES INTERNATIONAL, INC., an Arizona corporation,

        *Plaintiff*,

vs.

SAMUEL J. BELFIORI, JR., an individual,

        *Defendant*.

Case No.
Hon.

## CERTIFICATE OF SERVICE

    This is to confirm that a copy of a seven day notice for entry of order/judgment and a copy of the proposed Permanent Injunction, Judgment and Final Order was sent to Defendant via facsimile and first class mail on November 24, 2010 to:

**Samuel Belfiori, Jr.**
**13801 15 Mile Road, Suite A**
**Sterling Heights, MI 48312**
**Fax No. 586-978-3661**

/s/ Daniel D. Quick  P48109
Daniel D. Quick  P48109
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI  48304
248-433-7200

*Attorney for Plaintiff*

BLOOMFIELD 39669-1 1088401v1

7